# MusickPeeler

GIORGIO A. SASSINE
g.sassine@musickpeeler.com
(213) 629-7618

ATTORNEYS AT LAW

ONE WILSHIRE BUILDING
624 SOUTH GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383

TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
VENTURA COUNTY

October 18, 2022

Application GRANTED.
SO ORDERED.
Dated: 10/18/2022

*/s/ P. Kevin Castel*
P. Kevin Castel
United States District Judge

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *PayVicki LLC v. Payvision US Inc., et al.*
Case No.: 21-cv-8939 (PKC)
Payvision US Inc.'s Discovery Dispute Letter

Dear Judge Castel:

We write on behalf of Defendant Payvision US Inc. ("Payvision-US") in the above-captioned matter in furtherance of the Court's September 29, 2022 Order [Dkt. No. 69], in which Payvision-US is to advise the Court of any remaining discovery disputes set out in Dkt. Nos. 66 and 68 by October 18, 2022. The next conference in this action is scheduled for February 24, 2023.

While PayVicki LLC ("PayVicki") finally provided responses to Payvision-US's Request for Production of Documents, Set One, Interrogatories, Set One, and Request for Admissions, Set One by the Court ordered deadline of October 7, 2022, PayVicki's responses were deficient in several respects. On October 12, 2022, I wrote a meet and confer letter to PayVicki's counsel, Mr. Glen A. Kendall, Esq. detailing PayVicki's deficient responses and requested that PayVicki provide supplemental responses thereto. Attached hereto as **Exhibit A** is a copy of the October 12, 2022 letter.

In furtherance of the meet and confer, I spoke with Mr. Kendall on October 17. During our call, Mr. Kendall told me that he could provide supplemental responses by October 21. In light of the Court's October 18 deadline to advise the Court of any remaining discovery disputes, I asked Mr. Kendall if he would stipulate to extending the Court's deadline to October 24, which he agreed to.

# MusickPeeler

The Honorable P. Kevin Castel
October 18, 2022
Page 2

      Therefore, for the reasons stated herein, including the exhibits attached hereto, Payvision-US respectfully requests an extension of time until October 24 to advise the Court of any remaining discovery disputes.

Very truly yours,

*[signature]*

Giorgio A. Sassine
MUSICK, PEELER & GARRETT LLP


Attachments:
**Exhibit A** – Meet and Confer Letter dated October 12, 2022


cc:    All Counsel of Record (via ECF)

2026548.1

# EXHIBIT A

# MusickPeeler

GIORGIO A. SASSINE
g.sassine@musickpeeler.com
(213) 629-7618

ATTORNEYS AT LAW

ONE WILSHIRE BUILDING
624 SOUTH GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383

TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
VENTURA COUNTY

October 12, 2022

**VIA E-MAIL ONLY**

Mr. Glen A. Kendall, Esq.
McLoughlin, O'Hara, Wagner & Kendall LLP
250 Park Avenue, 7th Floor
New York, NY 10177

      Re:    *PayVicki LLC v. Payvision US Inc., et al.*
               Case No.: 21-cv-8939 (PKC)
               PayVicki LLC's Deficient Discovery Responses

Dear Mr. Kendall:

      Further to the Court's Order dated September 29, 2022 [Dkt. No. 69], we write to meet and confer in response to PayVicki LLC's ("PayVicki") deficient discovery responses to Payvision US Inc.'s ("Payvision-US") Interrogatories, Set One, Request for Admissions, Set One, and Request for Production of Documents, Set One (collectively, the "Payvision-US Discovery"), which PayVicki served on October 7, 2022.

## PayVicki Waived All Objections by Not Timely Responding

      PayVicki did not provide timely responses to Payvision-US Discovery and therefore has waived all objections thereto. Fed. R. Civ. P. 33(b)(2) and 34(b)(2); *see also Melendez v. Greiner*, No. 01 Civ. 07888 (SAS)(DF), 2003 U.S. Dist. LEXIS 19084 at *5-6 (S.D.N.Y. Oct. 2003); *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151 (KMW)(HBP), 2003 U.S. Dist. LEXIS 19247, at *2 (S.D.N.Y. Oct. 20, 2003). PayVicki has not provided the Court with good cause for its neglect in not timely responding to the Payvision-US Discovery, and the Court's September 29, 2022 Order does not provide any indication that PayVicki could provide responses to the Payvision-US Discovery with objections. Despite this, PayVicki asserted boilerplate general and specific objections in response to each and every of the Payvision-US Discovery. PayVicki must provide supplemental responses without these nuisance objections.

## PayVicki Admitted All Request for Admissions

      By not timely responding to the Request for Admissions, Set One, each of the Request for Admissions is deemed admitted. *United States v. Griffith*, No. 3:09-CV-01197 (CSH), 2013 U.S.

# MusickPeeler

Mr. Glen A. Kendall, Esq.
October 12, 2022
Page 2

Dist. LEXIS 36565, at *11-12, 111 A.F.T.R.2d (RIA) 2013-1250 (D. Conn. Mar. 18, 2013) ("if a party does not timely respond to request for admissions, a matter is considered admitted. As the Second Circuit noted nearly over half a century ago, it is 'well settled that a failure to respond to a request for admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive.'"); *see also* Fed. R. Civ. P. 36(a)(3). PayVicki has not sought leave or provided the Court with good cause for its neglect in not timely responding to the Request for Admissions, Set One, and the Court's September 29, 2022 Order does not provide any indication that the Request for Admissions, Set One are not deemed admitted. Despite this, PayVicki denied 12 out of the 15 Request for Admissions. PayVicki must provide supplemental responses that admit each Request for Admission, or otherwise seek leave from the Court to have the Request for Admissions be deemed not admitted.

### PayVicki's Deficient Interrogatory Responses

Interrogatory No. 1 in part asked "*For each response to Payvision-US's request for admissions served concurrently herewith that is not an unqualified admission ... State all facts upon which you base your response ...*" In response, PayVicki in part stated that "*Plaintiff denies Request Nos. 1 and 8-10 on the grounds that they expressly call for legal conclusions ...*" Not only has PayVicki waived all objections, but PayVicki's objection to this contention interrogatory is not proper. *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) ("Rule 33 of the Federal Rules of Civil Procedure governs the use of interrogatories. Like requests for admissions, 'an interrogatory is not objectionable merely because it calls for . . . the application of law to fact.' Fed. R. Civ. P. 33(c)(5) advisory committee notes."). Accordingly, PayVicki must provide supplemental responses that are compliant with the Federal Rules of Civil Procedure.

We look forward to discussing the foregoing with you at your earliest convenience. However, if we do not receive supplemental responses by **COB October 17, 2022**, we intend to advise the Court of any remaining issues by October 18, 2022, in compliance with the Court's September 29, 2022 Order.

Very truly yours,

Giorgio A. Sassine
MUSICK, PEELER & GARRETT LLP

# MusickPeeler

Mr. Glen A. Kendall, Esq.
October 12, 2022
Page 3


cc:	Nathan O'Malley, Esq. (via email)
	Dan Taylor, Esq. (via email)
	Jared R. Clark, Esq. (via email)

2025279.1